# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   CV 09-05709 RSWL (SS)         Date: August 10, 2009
                                          Page 1 of 5

Title:     Tom Smith v. The State of California, et al.

DOCKET ENTRY: ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Denise Lazo | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT             ATTORNEYS PRESENT
FOR PETITIONER:               FOR RESPONDENT:

None Present                  None Present

**PROCEEDINGS: (IN CHAMBERS)**

On July 22, 2009, Tom Smith ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] On its face, the Petition appears to be untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322-23, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA dramatically altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.

---

[1] Under the "mailbox rule," a pro se pleading filed by a person in state custody is deemed to be filed as of the date that the person delivered it to prison authorities for mailing, not the date that the court received the pleading. Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). This rule applies equally to the filing of state petitions. Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.    CV 09-05709 RSWL (SS) | Date: August 10, 2009 |
| | Page 2 of 5 |

Title:    <u>Tom Smith v. The State of California, et al.</u>

---

<u>Rhines v. Weber</u>, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." <u>Woodford v. Garceau</u>, 538 U.S. 202, 206, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003).

Petitioner previously filed a habeas petition ("Prior Petition") in the Central District on October 28, 2003.[2] The Prior Petition was dismissed without prejudice on October 8, 2004 because Petitioner had failed to exhaust his state court remedies. The Court's September 9, 2004 Report and Recommendation ("Prior R&R") contains the following information regarding Petitioner's procedural history:

> On April 4, 1994, following a bench trial in the Los Angeles County Superior Court, Petitioner was convicted of assault with intent to commit rape, in violation of California Penal Code section 220. Although Petitioner had entered a plea of not guilty by reason of insanity, the trial court found that Petitioner was legally sane at the time of the commission of the offense. The trial court found the allegation that Petitioner personally used a knife during the commission of the offense to be true. Petitioner was sentenced to fourteen years in state prison.
>
> Petitioner appealed his conviction to the California Court of Appeal. On August 18, 1995, the Court of Appeal affirmed the conviction in an unpublished opinion. Petitioner did not file a Petition for Review in the California Supreme Court. On January 22, 2000, Petitioner was released to parole. As a condition of parole, Petitioner was required to accept treatment through the State Department of Mental Health. On March 1, 2000, the Board

---

[2] The Court takes judicial notice of <u>Smith v. Docters</u>, No. 2:03-cv-07723-RSWL-SS, (C.D. Cal. Oct. 8, 2004). See <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 09-05709 RSWL (SS)                         Date: August 10, 2009
                                                          Page 3 of 5

Title:      Tom Smith v. The State of California, et al.

---

of Prison Terms determined that Petitioner had a severe mental disorder and met the criteria of California Penal Code section 2962 ("mentally disordered offender") and required Petitioner to be kept at the hospital for treatment. On February 6, 2001, at an annual review hearing, the Board of Prison Terms determined that Petitioner had a severe mental disorder, that it was not in remission, nor could not be kept in remission without treatment, and that he represented a substantial danger of physical harm to others by reason of his severe mental disorder pursuant to California Penal Code section 2966(c).

Petitioner requested a hearing in San Luis Obispo County Superior Court for purposes of determining whether he met the criteria for civil commitment under California Penal Code section 2962. Petitioner waived a jury trial. On April 24, 2001, after a bench trial, the trial court found Petitioner met the criteria under Penal Code section 2962. The court recommitted Petitioner for treatment.

Petitioner appealed the order of commitment to the California Court of Appeal. On September 17, 2001, the Court of Appeal informed Petitioner that he may personally submit a brief raising any contentions or issues which he wished the court to consider. Petitioner did not do so. On November 19, 2001, the California Court of Appeal affirmed the order of commitment after indicating that it had examined the entire record and determined that no arguable issues existed. Petitioner did not file a Petition for Review in the California Supreme Court. The [Prior] Petition was filed on October 28, 2003.

(Prior R&R at 3-5 (citations and footnotes omitted)).

It appears that Petitioner's civil commitment as a mentally disordered offender was extended several times. (See Prior R&R at 4 n.3). On May 19, 2004, he filed a notice of appeal with the California Court of Appeal. See California Appellate Courts Case Information, Docket in Case Number B175297, http://appellatecases.courtinfo.ca.gov. The court of appeal dismissed the appeal on March 23, 2005. See id. The California Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.   CV 09-05709 RSWL (SS) | Date: August 10, 2009<br>Page 4 of 5 |
| Title:   Tom Smith v. The State of California, et al. | |

Court initially granted review but ultimately dismissed the appeal on May 9, 2007. People v. Smith, 59 Cal. Rptr. 3d 438 (2007).

A prisoner attacking a state judgment normally must file his habeas petition in federal court within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, AEDPA provides a tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Additionally, in certain "extraordinary" circumstances, a habeas petition may qualify for equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner's judgment became final on August 7, 2007, ninety days after the California Supreme Court dismissed his appeal, because Petitioner did not appeal to the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13 (allowing petition for writ of certiorari to be filed within ninety days after entry of judgment by state supreme court). The federal statute of limitations began to run the following day and ended one year later on August 7, 2008.

It appears that Petitioner did not file any state habeas petitions while the federal statute of limitations was running. Consequently, it appears that Petitioner is not entitled to statutory tolling.

Equitable tolling will not apply unless a petitioner demonstrates that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418; see also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("[A]n external force must cause the untimeliness, rather than . . . mere[] 'oversight, miscalculation or negligence on [the petitioner's] part . . . .'"). A petitioner bears the burden of alleging facts that would give rise to such tolling. Espinoza-Matthews, 432 F.3d at 1026. "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   CV 09-05709 RSWL (SS)            Date: August 10, 2009
                                            Page 5 of 5

Title:    Tom Smith v. The State of California, et al.

exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).

The Petition contains no grounds for equitable tolling. Moreover, the Court notes that Petitioner was expressly cautioned about AEDPA's statute of limitations in the Prior R&R.

In order for the instant Petition to be timely filed, Petitioner must show that he merits statutory and/or equitable tolling for 348 days (nearly one year) between August 7, 2007 and July 22, 2009. Therefore, Petitioner is **ORDERED TO SHOW CAUSE** on or before August 29, 2009 why this action should not be dismissed pursuant to AEDPA's one-year period of limitations. Petitioner is advised to inform the Court of any additional information or reasons that may entitle him to statutory or equitable tolling.

**Petitioner is expressly warned that failure to timely file a response and declaration responding to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk ___