UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SMITH, a.k.a.<br>ALLEN CARSON WEATHERS,<br><br>    Petitioner,<br><br>   v.<br><br>THE STATE OF CALIFORNIA,<br>DEPARTMENTS OF C.D.C. & MENTAL<br>HEALTH,<br><br>    Respondents. | NO. CV 09-05709 RSWL (SS)<br><br>**REPORT AND RECOMMENDATION OF**<br><br>**UNITED STATES MAGISTRATE JUDGE**<br><br>**RE DISMISSAL OF ACTION** |

This Report and Recommendation is submitted to the Honorable Ronald S.W. Lew, Senior United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

On July 22, 2009, Tom Smith ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of

Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1,2]  On August 10, 2009, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed ("Order to Show Cause") because the Petition appeared untimely on its face.  Petitioner filed a "Motion to Show Cause Why This Action Should Not Be Dismissed" ("Response") on August 20, 2009.

This matter is now ready for decision.  For the reasons discussed below, it is recommended that the Petition be DENIED and this action DISMISSED with prejudice.

## II.

## PRIOR PROCEEDINGS

Petitioner previously filed a habeas petition ("Prior Petition") in the Central District on October 28, 2003.  See Smith v. Docters [sic], No. 2:03-cv-07723-RSWL-SS, (C.D. Cal. Oct. 8, 2004).  The Prior Petition was dismissed without prejudice on October 8, 2004 because Petitioner

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date that the prisoner delivered it to prison authorities for mailing, not the date on which the court may have received the pleading.  Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  This rule applies equally to the filing of state petitions.  Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000).

[2] Although Petitioner used the Central District form for a § 2241 habeas petition, he has been adjudicated a mentally disordered offender pursuant to California Penal Code section 2962, (Petition at 2, 4), and thus is "in custody pursuant to the judgment of a State court."  Duncan v. Walker, 533 U.S. 167, 176, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).  Accordingly, analysis under § 2254 is appropriate, see White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004), and the one-year statute of limitations set forth in § 2244(d) applies to the Petition.  See id. at 1008; Duncan, 533 U.S. at 176.

had failed to exhaust his state court remedies. The Court's September 9, 2004 Report and Recommendation ("Prior R&R") contains the following information regarding Petitioner's procedural history:

> On April 4, 1994, following a bench trial in the Los Angeles County Superior Court, Petitioner was convicted of assault with intent to commit rape, in violation of California Penal Code section 220. Although Petitioner had entered a plea of not guilty by reason of insanity, the trial court found that Petitioner was legally sane at the time of the commission of the offense. The trial court found the allegation that Petitioner personally used a knife during the commission of the offense to be true. Petitioner was sentenced to fourteen years in state prison.

> Petitioner appealed his conviction to the California Court of Appeal. On August 18, 1995, the Court of Appeal affirmed the conviction in an unpublished opinion. Petitioner did not file a Petition for Review in the California Supreme Court.

> On January 22, 2000, Petitioner was released to parole. As a condition of parole, Petitioner was required to accept treatment through the State Department of Mental Health. On March 1, 2000, the Board of Prison Terms determined that Petitioner had a severe mental disorder and met the criteria of California Penal Code section 2962 ("mentally disordered offender") and required Petitioner to be kept at the hospital

for treatment. On February 6, 2001, at an annual review hearing, the Board of Prison Terms determined that Petitioner had a severe mental disorder, that it was not in remission, nor could not be kept in remission without treatment, and that he represented a substantial danger of physical harm to others by reason of his severe mental disorder pursuant to California Penal Code section 2966(c).

Petitioner requested a hearing in San Luis Obispo County Superior Court for purposes of determining whether he met the criteria for civil commitment under California Penal Code section 2962. Petitioner waived a jury trial. On April 24, 2001, after a bench trial, the trial court found Petitioner met the criteria under Penal Code section 2962. The court recommitted Petitioner for treatment.

Petitioner appealed the order of commitment to the California Court of Appeal. On September 17, 2001, the Court of Appeal informed Petitioner that he may personally submit a brief raising any contentions or issues which he wished the court to consider. Petitioner did not do so. On November 19, 2001, the California Court of Appeal affirmed the order of commitment after indicating that it had examined the entire record and determined that no arguable issues existed. Petitioner did not file a Petition for Review in the
\\
\\

California Supreme Court.  The [Prior] Petition was filed on October 28, 2003.

(Prior R&R at 3-5 (citations and footnotes omitted)).

Petitioner's civil commitment as a mentally disordered offender was extended several times. (See Prior R&R at 4 n.3). On May 19, 2004, he filed a notice of appeal with the California Court of Appeal. See California Appellate Courts Case Information, Docket in Case Number B175297, http://appellatecases.courtinfo.ca.gov. The court of appeal dismissed the appeal on March 23, 2005. See id. After initially granting review, the California Supreme Court ultimately dismissed Petitioner's appeal on May 9, 2007. People v. Smith, 59 Cal. Rptr. 3d 438 (2007).

On February 2, 2009, Petitioner filed a habeas petition in the California Court of Appeal. See California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov (case number E047605). The court of appeal denied the petition on February 9, 2009. Id. On May 18, 2009, Petitioner filed a habeas petition in the California Supreme Court that was denied on June 10, 2009. Id. (case number S173017). Petitioner filed a second habeas petition in the state supreme court on July 1, 2009. Id. (case number S174295). The supreme court denied the petition on August 12, 2009. Id. On July 6, 2009, Petitioner filed a third habeas petition in the state supreme court that was denied on July 29, 2009. Id. (case number S174403).

\\

## III.

## PETITIONER'S CLAIMS

Petitioner challenges his continued custody on the grounds that it exceeds his expected release date and constitutes cruel and unusual punishment, double jeopardy and false imprisonment. (Petition at 3-4).

## IV.

## DISCUSSION

**A.   AEDPA's Limitations Period Governs The Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322-23, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA dramatically altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Rhines v. Weber, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." Woodford v. Garceau, 538 U.S. 202, 206, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003).

State prisoners must file their federal habeas petitions within one year of the latest of the following dates:

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

  However, AEDPA provides a tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Additionally, in certain "extraordinary" circumstances, a habeas petition may qualify for equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026

(9th Cir. 2005) (acknowledging that "equitable tolling . . . is available in this Circuit").

**B.    <u>Petitioner Did Not File His Petition Within The Limitations Period</u>**

Petitioner's conviction became final on August 7, 2007, ninety days after the California Supreme Court dismissed his appeal, because Petitioner did not appeal to the United States Supreme Court. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court."); <u>see also</u> Sup. Ct. R. 13 (allowing petition for writ of certiorari to be filed within ninety days after entry of judgment by state supreme court).

Petitioner asserts that "the writ was filed to this Court, the 4th Cir. Court, the 9th Cir. Court, and even finally the Supreme Court in Washington within the time frame limitations." (Response at 2).  The filing of a petition in this Court, the Ninth Circuit or the Fourth Circuit does not toll the AEDPA statute of limitations.  <u>King v. Ryan</u>, 564 F.3d 1133, 1141 (9th Cir. 2009).

Petitioner disputes this Court's finding that he did not file a petition for writ of certiorari with the United States Supreme Court. However, Petitioner fails to provide dates or case numbers associated with any petition for certiorari filed in the United States Supreme Court that would support a later start date for the statute of limitations.  He provides only the case number "FSB802363," (Response at

2, 4), which corresponds to his pending criminal trial in San Bernardino County Superior Court on a murder charge but is unrelated to the allegations in the instant Petition. See San Bernardino County Superior Court Case Information System, http://www.sbcounty.gov/courts/flash.asp. Accordingly, the applicable statute of limitations began running August 8, 2007 and ended on August 7, 2008. See 28 U.S.C. § 2244(d)(1)(A).

**C.   Petitioner Is Not Entitled To Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). The time prior to collateral review is not subject to statutory tolling. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

Once the federal limitations period began running on August 8, 2007, Petitioner did not file a state habeas petition until February 2, 2009. When, as here, the AEDPA limitations period expires prior to the filing of an application for collateral relief in state court, statutory tolling is not available. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has ended before the state

petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (stating that delay in filing state habeas petition until after AEDPA limitations period had expired "resulted in an absolute time bar to refiling after [the petitioner's] state claims were exhausted"). Accordingly, Petitioner cannot avail himself of statutory tolling.

**D.     Petitioner Is Not Entitled To Equitable Tolling**

In addition to the statutory tolling provided for by Section 2244(d)(2), AEDPA's one-year limitations period is subject to equitable tolling if a petitioner demonstrates that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418; see also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("[A]n external force must cause the untimeliness, rather than . . . mere[] 'oversight, miscalculation or negligence on [the petitioner's] part . . . .'"). A petitioner bears the burden of alleging facts that would give rise to such tolling. Espinoza-Matthews, 432 F.3d at 1026. "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).

In the Order to Show Cause, Petitioner was advised to inform the Court of any reasons that would entitle him to equitable tolling. However, Petitioner failed to provide any grounds for equitable tolling in the Response. Petitioner thus has not met his burden of demonstrating extraordinary circumstances that prevented him from filing in a timely manner. Consequently, Petitioner is not entitled to equitable tolling and the instant Petition is barred by the statute of limitations.

## V.

## RECOMMENDATION

IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) denying the Petition; and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED: September 1, 2009                                         /S/

                                                  _____
                                                       SUZANNE H. SEGAL
                                                  UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.