EDMUND G. BROWN JR.
Attorney General of California
JULIE A. MALONE
Supervising Deputy Attorney General
CHARLES CHUNG
Deputy Attorney General
State Bar No. 248806
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone: (213) 897-4908
  Fax: (213) 897-2808
  E-mail: Charles.Chung@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SMITH, a.k.a. ALLEN CARSON WEATHERS,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>THE STATE OF CALIFORNIA, DEPARTMENTS OF C.D.C. & MENTAL HEALTH,<br><br>　　　　　　　　Respondent. | CV 09-5709 RSWL (SS)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:　The Honorable Suzanne H. Segal |

Pursuant to Rule 4 of the Federal Rules of Habeas Corpus, Respondent moves for dismissal of the Petition for Writ of Habeas Corpus filed by Tom Smith as barred by the statute of limitations. No hearing is requested. This Motion is based on this Notice of Motion and Motion to Dismiss, the supporting Memorandum of Points and Authorities, and the documents lodged concurrently.

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Smith challenges his involuntary commitment as a mentally disordered offender, claiming that his commitment constitutes false imprisonment and violates the constitutional prohibitions against cruel and unusual punishment and double jeopardy. The Court should not reach the merits of Smith's claims because the Petition is time barred under AEDPA's statute of limitations.

## ARGUMENT

### I. THE CLAIMS PRESENTED IN THE PETITION ARE BARRED BY AEDPA'S STATUTE OF LIMITATIONS.

AEDPA establishes a one-year limitations period within which a state prisoner may seek federal relief. 28 U.S.C. § 2244(d)(1). Smith appealed his civil commitment from the Los Angeles County Superior Court which the appellate court denied on March 23, 2005. *People v. Smith*, 26 Cal.Rptr.3d 50 (2005). Smith sought review from the California Supreme Court which was denied on May 9, 2007. *People v. Smith*, 59 Cal.Rptr.3d 438 (2007). The judgment of civil commitment became final on August 7, 2007 when the time for seeking certiorari review in the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the limitations period expired on August 7, 2008.

#### A. The Limitations Period Is Not Subject to Statutory Tolling.

AEDPA tolls the limitations period while an application for state court relief remains pending. *See* 28 U.S.C. § 2244(d)(2). However, Smith did not seek state court relief until February 2, 2009, when he submitted a petition for writ of habeas corpus in the California Court of Appeal.[1] (Lodg. 3.)

---

[1] This is Smith's first state court filing following the finality of the civil commitment judgment. However, Respondent has not yet received a copy of this petition to verify that it contains claims pertaining to the civil commitment judgment from Los Angeles County as opposed to his present confinement in San
(continued...)

As the limitations period expired before Smith sought state court relief, the statutory tolling provision does not apply. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**B.   The Limitations Period Is Not Subject to Equitable Tolling.**

The remaining question is whether the statute of limitations should be equitably tolled. The Ninth Circuit has applied equitable principles to toll AEDPA's statute of limitations.[2] *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). For equitable tolling, the Ninth Circuit requires that "some extraordinary circumstance" caused the untimely filing. *See Raspberry*, 448 F.3d at 1153 (quotations omitted); *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").

Smith's self-representation, lack of legal expertise, or misunderstanding of the law is not sufficient. *See Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) ("But we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *see Raspberry*, 448 F.3d at 1154 ("a

---

(...continued)
Bernardino County for the pending murder trial. Respondent will assume that this date applies for purposes of this motion only. Respondent does not admit or aver that Smith challenged his civil commitment in case number E047605.

[2] Respondent preserves the argument that equitable principles may not toll AEDPA's statute of limitations. *See, e.g., United States v. Beggerly*, 524 U.S. 38, 48, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998) ("Equitable tolling is not permissible when it is inconsistent with the text of the relevant statute."). The Supreme Court has not addressed the question whether equitable tolling is proper under AEDPA. *See Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. Because the parties agree that equitable tolling is available, we assume without deciding that it is."); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.").

pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

The Court requested that Respondent address Smith's mental capacity as a possible basis for equitable tolling. That is, did Smith's mental condition during the one-year limitations period, between August 7, 2007 and August 7, 2008, constitute an extraordinary circumstance to justify equitable tolling? The record shows that Smith was mentally competent during this time and that his mental condition did not impede his ability to communicate with the courts or his advocates.

In certain cases, the Ninth Circuit held that mental incompetence may be an extraordinary circumstance beyond a prisoner's control so as to justify equitable tolling. *See Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). However, there must be a showing of causation—that "a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline . . . ." *Id.* Smith cannot show that he was either mentally incompetent during the limitations period or that his mental condition precluded him from communicating with his advocate or the court. *See id.* ("If mental incompetence can preclude one prisoner from communicating with his own advocate, it might also preclude another from communicating with the court"); *see also Gaston*, 417 F.3d at 1034-35 (finding equitable tolling unavailable because the petitioner had, in fact, communicated with the state courts during the limitations period).

Between August 7, 2007 through August 7, 2008, Smith participated in criminal proceedings in San Bernardino County, case numbers FSB802363 and FSB051949. (Lodgs. 1, 2.) The record shows that Smith not only was mentally competent, but also had no difficulty communicating with the state court and seeking relief from that court during the limitations period:

///

///

4

- After a mistrial on the murder charge, Smith appeared in court with counsel for multiple hearings between July 31, 2007 and January 4, 2008. (Lodg. 2 at 47-53.)
- On January 25, 2008, Smith appeared in court and was found competent to stand trial. (Lodg. 2 at 45-46.)
- On March 7, 2008, Smith appeared for a predisposition hearing in which the court found Smith had knowingly and intelligently waived his right to counsel. (Lodg. 2 at 43.)
- Between March 18, 2008 and April 25, 2008, Smith appeared with counsel for predisposition and pre-trial hearings. (Lodg. 2 at 41-42.)
- On June 6, 2008, Smith appeared in court on his motions to change venue, to name himself as co-counsel, and to request a *Marsden*[3] hearing. (Lodg. 2 at 40.)
- On June 10, 2008, Smith appeared in court to withdraw his *Marsden* request and the court dismissed case number FSB051949. (Lodg. 2 at 39.)
- On June 11, 2008, Smith appeared for arraignment on the re-filed murder charge in case number FSB802363. (Lodg. 1 at 34-35.)
- Between June 19, 2008 and August 1, 2008, Smith appeared for multiple hearings regarding his request for a *Faretta*[4] waiver. (Lodg. 1 at 26-33.)

Given this record, there is nothing to indicate that Smith's mental condition precluded him from seeking judicial relief while the statute of limitations was running. Once August 7, 2008 passed, AEDPA barred from federal review any claim pertaining to the 2007 civil commitment.

---

[3] *People v. Marsden*, 2 Cal.3d 118, 84 Cal.Rptr. 156 (1970) (holding that a defendant may present the court with objections regarding his court-appointed attorney's performance).
[4] *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

The San Bernardino County Superior Court did find Smith mentally incompetent for a two month period between October 2, 2009 and December 11, 2009—long after the limitations period had lapsed. (Lodg. 1 at 6-9.) However, outside of that two month period, the record shows that Smith remained competent and capable of communicating with his attorney and the court, through February 2, 2009, when he filed a habeas corpus petition:

- On August 14, 2008, the court found Smith had knowingly and intelligently waived his right to counsel and granted Smith pro per status. (Lodg. 1 at 26.)
- On August 18, 2008, Smith appeared in pro per for a disposition hearing on his motion for financial compensation. (Lodg. 1 at 25.)
- On September 18, 2008, Smith sought and received a continuance because he lost his glasses in jail and required replacement glasses. (Lodg. 1 at 24.)
- On October 15, 2008, Smith appeared in pro per at a pre-trial hearing to argue his motion under California Penal Code § 995 to set aside the indictment or information. (Lodg. 1 at 23-24.)
- On November 18, 2008, Smith appeared in court on his motions regarding smoking tobacco and marijuana in jail and proper venue. (Lodg. 1 at 21-22.) Smith also requested transcripts of that day's hearing. (Lodg. 1 at 22.)
- On December 11, 2008, Smith appeared in pro per for a pre-trial hearing in which he requested and received relief from the court regarding visitation with his investigator. (Lodg. 1 at 20-21.)
- On December 18, 2008, Smith appeared in court for a hearing during which the court noted that Smith's investigator would visit him in jail the following day. (Lodg. 1 at 19.)

While Smith is a mentally disordered offender, he was not adjudged mentally incompetent during the limitations period and the record shows that Smith actively communicated with his attorney and the state court. Thus, Smith's mental condition did not cause the untimeliness of the Petition.

As Smith repeatedly communicated with the state court in person and with motions, there is no ground to argue that Smith's mental condition warrants any equitable tolling of AEDPA's statute of limitations. There is no indication that Smith's mental condition precluded him from filing a timely Petition. Further, Smith's activities during the limitations period are similar to his activities leading up to February 2, 2009 when he actually filed a petition for writ of habeas corpus. Thus, his mental condition during the limitations period was not significantly worse than it was when Smith actually filed a petition. *See Gaston*, 417 F.3d at 1035 ("It was not clear error for the district court to conclude that Gaston's physical and mental condition between July 11, 1995, and June 9, 1997, was not significantly worse than his condition immediately before or after those dates.").

Therefore, equitable principles should not toll the statute of limitations because no extraordinary circumstance either caused Smith to file a timely Petition or made it impossible to do so. *See Laws*, 351 F.3d at 923; *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[E]quitable tolling is . . . appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'").

///
///
///

## CONCLUSION

The Petition is untimely because AEDPA's one-year limitations period lapsed before Smith sought federal review. Statutory tolling does not apply because the limitations period expired before Smith even applied for state court relief. Equitable tolling also does not apply because no extraordinary circumstance caused the Petition's untimeliness.

Smith's mental condition did not preclude him from filing a timely Petition. During the limitations period, Smith was never adjudged to be mentally incompetent and he actively communicated both with his attorney and the state court. As no tolling provision could render the Petition timely, AEDPA bars Smith's claims as untimely and the Petition should be dismissed.

Dated: February 25, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JULIE A. MALONE
Supervising Deputy Attorney General

/s/ Charles Chung

CHARLES CHUNG
Deputy Attorney General
*Attorneys for Respondent*

SD2009508518
50589445.doc

# CERTIFICATE OF SERVICE

Case Name:  **Smith v. CDCR**          No.   **CV 09-5709 RSWL (SS)**

I hereby certify that on **February 25, 2010**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On **February 25, 2010**, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Tom Smith
J-17036 / 0509341160
West Valley Detention Center
9500 Etiwanda Avenue
Rancho Cucamonga, CA  91739
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 25, 2010**, at Los Angeles, California.

|  J. Garcia  |  _(signature)_  |
|---|---|
|  Declarant  |  Signature  |

48101-270-SD2009508518
50591204.doc