**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 09-05709 RSWL (SS)                              Date: March 10, 2010
                                                                                                    Page 1 of 3

Title:     Tom Smith v. The State of California, et al.

DOCKET ENTRY:     ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

Denise Lazo              None                             None
Deputy Clerk             Court Reporter/Recorder          Tape No.

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS)**

On August 4, 2009, Tom Smith ("Petitioner"), a California state civil detainee proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). On August 10, 2009, the Court issued an Order to Show Cause asserting the Petition appeared untimely on its face and requiring Petitioner to show cause why it should not be dismissed. On August 20, 2009, Petitioner filed a Response to the Order to Show Cause ("Response"). On February 25, 2010, Respondents filed a Motion to Dismiss the Petition (the "Motion to Dismiss"), asserting that the Petition is untimely and that Petitioner is not entitled to equitable tolling.

In order to qualify for equitable tolling, a petitioner must demonstrate both that he has diligently pursued his rights and that some extraordinary circumstance stood in his way. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009); see also Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir.) (equitable tolling requires petitioner to demonstrate an "extraordinary circumstance" prevented him from filing), cert. denied, ___ U.S. ___, 129 S. Ct. 397, 172 L. Ed. 2d 323 (2008). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1017 (9th Cir. 2003) (internal quotation marks and citation omitted).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 09-05709 RSWL (SS)                           Date: March 10, 2010
                                                             Page 2 of 3

Title:       Tom Smith v. The State of California, et al.

___

      The Ninth Circuit has held that mental incompetency may be grounds for equitable tolling. See Laws v. LaMarque, 351 F.3d 919, 923-24 (9th Cir. 2003) (finding that equitable tolling may be warranted where a petitioner's mental illness caused him to miss the AEDPA deadline, and remanding the case for further development of the factual record).  In Petitioner's Response, he asserts that he is mentally ill and has previously been judged mentally incompetent to stand trial for a period of two years prior to a criminal case in the San Bernardino County Superior Court. (Response at 3, 5; see also Petition at 2).  Respondents recognize that Petitioner has been involuntarily civilly committed as a mentally disordered offender.  (Motion to Dismiss at 2). Respondents also assert that Petitioner has been judged mentally incompetent to stand trial for a period of two months on at least one occasion.  (Id. at 6).  There is therefore a factual question regarding whether Petitioner is entitled to equitable tolling due to his mental illness.

      The Court therefore concludes that the statute of limitations defense asserted by Respondents is not properly determinable at this time because the facts might entitle Petitioner to equitable tolling.  These factual issues could require an evidentiary hearing for resolution.  The Court notes, however, that the need to conduct such a hearing would become moot if the Court were to conclude, after Petitioner's claims were briefed on the merits, that habeas relief was not warranted on any of those claims.  See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (recognizing that "[p]rocedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same.").  As such, the Court DENIES the Motion to Dismiss, but without prejudice to Respondents' reassertion of the statute of limitations defense in their Answer.

//
//
//
//
//
//
//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 09-05709 RSWL (SS)                              Date: March 10, 2010
                                                                Page 3 of 3

Title:       Tom Smith v. The State of California, et al.

**Accordingly, it is ORDERED that:**

    1.  Respondents' Motion to Dismiss is DENIED without prejudice to Respondents' reasserting this defense in their Answer. If Respondents' argue that Petitioner is not entitled to equitable tolling, Respondents' must support that argument with factual evidence. In addition, Respondents are ORDERED to address the merits of Petitioner's claims in their Answer.

    2.  Respondents are directed to file an Answer to the Petition within thirty (30) days of the date of this order. Petitioner will then have thirty (30) days from the date of service of Respondents' Answer to file a Traverse. The Traverse shall be limited to facts or arguments responsive to matters raised in the Answer and shall not raise new grounds for relief that were not asserted in the Petition.

    The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record and upon counsel for Respondents.

MINUTES FORM 11
CIVIL-GEN                                                       Initials of Deputy Clerk ___